**UNITED STATES of America**

v.

**PLITT SOUTHERN THEATERS, INC.,
and Essantee Theaters, Inc.,
Defendants.**

**No. C–CR–86–121–01.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

July 17, 1987.

Charles R. Brewer, U.S. Atty., John F. Greaney, Atty., Antitrust Div., U.S. Dept. of Justice, Washington, D.C., for U.S.

Harold J. Bender, Robert C. Stephens, Horack, Talley, Pharr & Lowndes, P.A., Charlotte, N.C., for Plitt Southern Theaters, Inc.

Nelson M. Casstevens, Charlotte, N.C., Barbara A. Reeves, Morrison & Foerster, Los Angeles, Cal., for Essantee Theaters, Inc.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on the Government's Motion, filed July 15, 1987, to preclude defense exhibits not provided the Government in accordance with the Magistrate's Discovery Order, signed Friday, April 10, 1987 and filed Monday, April 13, 1987.

The Indictment in this case was filed *December 5, 1986.* The Discovery Order was issued after considering various Motions and arguments of counsel, which provided, among other things, that the Government would provide Defendants no later than June 19, 1987 with:

(1) a list identifying the Government's intended trial exhibits; and

(2) copies of any documents, objects, or reports discoverable under Rule 16(a)(1)(A) and (B) which have not previously been provided.

The Order further provided:

(b) No later than June 29, 1987, each Defendant will provide the Government with copies of the exhibits which it intends to introduce as evidence in chief at trial and the results or reports of any physical or mental examination or scientific tests or experiments which were prepared by a witness the Defendant intends to call at trial if the results or reports relate to the witness testimony.

Finally, both parties were ordered to disclose immediately any exhibits or other documents or objects which may come to the attention of a party after the party's deadline for disclosure.

On January 30, 1987, Defendant Plitt filed a Motion to continue the case until July 13, 1987, stating:

... The defendant Plitt's attorneys have received 44 boxes of documents within the last two weeks. In view of the massive amount of documents to be reviewed in preparation for trial as well as the complexity of this matter, defense counsel cannot adequately prepare for pre-trial proceedings or for trial within the time limits established.

The Court filed an Order on February 3, 1987 in response to Defendant Plitt's Motion continuing the matter until the July, 1987 term.

Ordinarily, the Court tries to be as lenient as possible in allowing parties adequate time to provide information ordered by the Court, and in particular criminal defendants. Defendant Essantee has apparently complied with the Court's Orders.

Defendant Plitt filed on July 16, 1987 its Opposition to Government's Motion for Order requiring that Defense Exhibits be precluded. According to Plitt, it provided to the Government a list of trial exhibits in compliance with the Magistrate's Order.

Plitt contends that the exhibits the Government seeks to exclude fall into two categories: (1) Documents identified as Exhibits 1 through 19 attached to Plitt's Opposition and which are based on documents the Government subpoenaed but did not produce to Plitt until June, 1987, and (2) Exhibits *to be prepared* based upon documents that Plitt has subpoenaed from distributors but has not yet been produced. Plitt contends that the first category (or draft containing the same data) has previously been produced to the Government.

Defendant Plitt then outlines the tremendous volume of records furnished by the Government that its attorneys have had to examine. Defendant further states on Page 4 of its Motion:

> Prior to the time that Plitt saw the Government's exhibits, Plitt was operating in a vacuum as to which towns the Government would introduce into evidence about this trial.

Then Defendant continues to the effect that to have subpoenaed documents in the several hundred theaters that Plitt operates in six southeastern states would have resulted in hundreds of thousands, if not millions, of documents that would have required hundreds of thousands of dollars in legal and accounting fees to index and therefore Plitt waited until the Government disclosed to Plitt the documents it had subpoenaed from distributors which disclosure commenced June 2, and "continued through the month of June."

> Defendant then argues in its conclusion: ... Until June 19, 1987 when the Government identified its 7,500 exhibits, thus enabling Plitt for the first time to ascertain the towns and distributors whose documents the Government would be relying upon, Plitt was operating in a vacuum and could not prepare exhibits responsive to the Government's exhibits.

It seems to this Court that sometime shortly after June 19, and certainly well before June 29, Defendant could have identified the towns and distributors whose documents the Government would be relying upon, and subpoenaed what documents it needed. It would appear to the Court that exhibits 1 through 19 listed in Defend-

ant Plitt's Opposition should not be precluded since they are based on documents subpoenaed by the Government.

However, it was not until July 1, 1987, two days after Defendant Plitt's exhibits were to be provided to the Government that Defendant Plitt even had subpoenas issued for the documents necessary for the exhibits in category (2) which it should have furnished to the Government on June 29. It has yet to produce the documents on the date of this Order, July 17, 1987 with trial to commence Monday, July 20, 1987, 3 days hence.

Complete disregard of the Court's Order will not be countenanced particularly in view of the extended time given to Defendant Plitt on its Motion to continue, filed January, and in view of the Magistrate's Discovery Order.

The Government does not have as many rights in a criminal trial as does Defendant, but it does have a right to a fair trial, and in all fairness to allow Defendant to dump on the Government *during the trial* documents it should have provided three weeks before the trial is inexcusable.

NOW, THEREFORE, IT IS ORDERED that:

(1) Exhibits furnished to the Government in draft form and based on documents subpoenaed by the Government, listed in Category (1) in Defendant Plitt's Opposition will not be precluded, and the Government's Motion to preclude them is DENIED.

(2) The Government's Motion for an Order precluding use of defense exhibits not provided to the Government in accordance with the Magistrate's Discovery Order, including exhibits based on documents subpoenaed from various distributors, that were not furnished to the Government by June 29, 1987 is GRANTED.

The Clerk is directed to certify copies of this Order to Defendants, Defense Counsel, and the United States Attorney.